# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JOSEPH JEFFERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | NO. CIV-17-564-HE |
| BRAD LEVERETT, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Joseph Jefferson filed a *pro se* complaint asserting no claims. After being ordered to cure this deficiency, Plaintiff filed an amended complaint asserting a single 42 U.S.C. § 1983 claim against defendants for "slandering and defamation of character." The matter was referred to U.S. Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones has recommended that the Amended Complaint [Doc. #8] be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the dismissal court as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff has objected to the report and recommendation, therefore the court reviews the complaint *de novo*.

Plaintiff seeks his immediate release from confinement and to "countersue for slandering and defamation of character." Amended Complaint, p. 6. The report and recommendation correctly recognizes that a claim for release from confinement is not a proper § 1983 claim. Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition

for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action for damages pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (citations omitted)).

The report and recommendation also recognizes that Plaintiff has failed to identify any specific wrongful conduct attributable to any named defendant. Plaintiff's Objection [Doc. #10] attempts to address this by attaching a copy of an Affidavit for Arrest Warrant by Blaine Phillips, one of the named defendants in this action, filed in Jackson County state court. The affidavit itself is protected by Oklahoma's litigation privilege "which accords attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings." Samson Inv. Co. v. Chevaillier, 988 P.2d 327, 329 (Okla. 1999). But the attachment does have a few summary notations on it, presumably done by Plaintiff. The court finds that Plaintiff has still failed to allege facts sufficient to demonstrate any particular defendant's personal participation in any alleged violation of his constitutional rights. The court also notes that "[d]amage to one's reputation alone [] is not enough to implicate due process protections." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir. 1993) (citing Paul v. Davis, 424 U.S. 693, 701 (1976).

Accordingly, after *de novo* review, the Report and Recommendation [Doc. #9] is **ADOPTED** and plaintiff's claim is dismissed without **PREJUDICE**. Further, the court concludes, given the nature of Plaintiff's Complaint and Amended Complaint, a strike is

warranted.  *See* 28 U.S.C. § 1915(g); Colman v. Tollefson, --- U.S. ----, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is subject to an appeal.").  Finally, Plaintiff's Application for Leave to Proceed in Forma Pauperis [Doc. #2] is **DENIED** as moot.

    **IT IS SO ORDERED**.

    Dated this 29th day of September, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE